The People of the State of New York, Respondent,
against
Vaughn Logan Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Harold Adler, J.), rendered May 14, 2013, convicting him, upon his plea of guilty, of attempted forcible touching and imposing sentence.




Per Curiam.
Judgment of conviction (Harold Adler, J.) rendered May 14, 2013, affirmed.
The accusatory instrument, which in this case was required to meet the standards that apply to an information, was not jurisdictionally defective. The lack of consent element of the charged crime of forcible touching (see Penal Law § 130.52) was satisfied by sworn allegations that complainant "pushed defendant's hands" away after defendant "grabbed her vagina"; that after defendant let go of complainant, he stated "one of these days if you don't give it to me, I'm going to hold you down and take it. I'm going to rape you"; and that defendant's conduct caused the complainant to "experience fear for her physical safety, annoyance and alarm" (see Penal Law § 130.05[2][c] [lack of consent in sexual abuse prosecution results from "any circumstances ... in which the victim does not expressly or impliedly acquiesce in the actor's conduct"]; People v White, 26 Misc 3d 129[A], 2010 NY Slip Op 50022[U] [App Term, 1st Dept 2010]). No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 13, 2017